# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

No. 18-11169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DE JESUS SALAS-CRISOSTOMO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-15-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Salas-Crisostomo appeals his conviction and 210-month sentence for possession with intent to distribute 500 grams or more of methamphetamine. Although Salas-Crisostomo pleaded guilty pursuant to a plea agreement, he reserved the right to appeal the district court's denial of his motion to suppress evidence. As he did before the district court, Salas-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11169

Crisostomo argues that reasonable suspicion did not support the traffic stop of his vehicle pursuant to section 544.004 of the Texas Transportation Code.

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Section 544.004 of the Texas Transportation Code provides that an operator of a vehicle "shall comply with an applicable official traffic-control device [i.e., traffic sign]." TEX. TRANSP. CODE ANN. § 544.004(a). The Texas Court of Criminal Appeals has held that a violation of § 544.004 occurs where one drives in the left-hand lane and there exists a "'left lane for passing only' sign . . . present within a reasonable distance of the traffic stop." *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013).

Salas-Crisostomo does not contest that there was a "Left Lane for Passing Only" sign within a reasonable distance of the traffic stop performed by Agent Ronnie Lee Stiltner, Jr. Rather, he contends that he was in the process of passing a tractor-trailer at the time of the traffic stop. As such, he asserts that he did not violate § 544.004 of the Texas Transportation Code.

Salas-Crisostomo does not dispute that approximately 14 seconds elapsed between the time he cleared a school bus and the time that Agent Stiltner initiated the traffic stop of his vehicle. According to Agent Stiltner's testimony at the suppression hearing, Salas-Crisostomo was approximately 200 to 225 feet from the tractor-trailer at the time he initiated the traffic stop. Agent Stiltner further calculated that it would have taken Salas-Crisostomo approximately 47 seconds traveling in the left-hand lane to come alongside the tractor-trailer. A review of the dash cam video does not call into question the accuracy of Agent Stiltner's calculations. The dash cam video also supports

No. 18-11169

Agent Stiltner's testimony that Salas-Crisostomo could have safely returned to the outside lane immediately after passing the school bus. In fact, Salas-Crisostomo did just that when Agent Stiltner initiated the traffic stop. Because Salas-Crisostomo was not passing the tractor-trailer during the 14-second timeframe he was driving in the left lane, he has failed to advance a credible alternative reason for driving in the left lane. Rather, the 14 seconds that elapsed between Salas-Crisostomo's clearance of the school bus and Agent Stiltner's initiation of the traffic stop provided Agent Stiltner with reasonable suspicion that a violation of § 544.004 had occurred or was about to occur. *See Lopez-Moreno*, 420 F.3d at 430. Viewing the evidence in light most favorable to the prevailing party, in this case the Government, leads us to conclude that the district court did not err in denying Salas-Crisostomo's motion to suppress evidence. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015).

AFFIRMED.